FILED
8/30/2021 8:41 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

cit pps w jd

CAUSE NO. **2021CI17818**

| | | |
|---|---|---|
| **ZAKARY WIDENOR,** *Plaintiff,* | § § § § | IN THE DISTRICT COURT |
| | § | Bexar County - 438th District Court |
| VS. | § § | |
| | § | _____ JUDICIAL DISTRICT |
| **LABRADA ACOSTA ABIL and PATIALA EXPRESS, INC.** *Defendants.* | § § § § § § | |
| | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, **ZAKARY WIDENOR**, Plaintiff in the above-styled and numbered cause of action, complaining of Defendants, **LABRADA ACOSTA ABIL and PATIALA EXPRESS, INC.**, in support thereof would show unto this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff contends that discovery shall be conducted under a Discovery Level 3 pursuant to the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

Plaintiff **ZAKARY WIDENOR** is a resident of Bandera County, Texas.

Defendant **LABRADA ACOSTA ABIL** is an individual that resides in the State of Florida who can be served with process in person, a true copy of the citation and petition at **3130 W LAMBRIGHT #414, TAMPA, FLORIDA 33614.** The citation for said Defendant can be served through J. Bruce Bugg, Jr, Chairman of the Texas Transportation Commission located at 125 East 11th Street, Austin, TX 78701. Service is requested at this time.

1

Defendant **PATIALA EXPRESS, INC.**, is an entity that conducts a for profit business in the State of Texas who can be served with process by delivering to its Registered Agent, **KARNAIL SINGH 8505 NINE IRON DR. BAKERSFIELD, CA 93312-5139.** The citation for said Defendant can be served through J. Bruce Bugg, Jr, Chairman of the Texas Transportation Commission located at 125 East 11th Street, Austin, TX 78701. Service is requested at this time.

### III.
### JURISDICTION and VENUE

Venue of this lawsuit is proper in San Antonio, Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE, because of 15.001 Section of the Texas Civil Practices and Remedies Code. In addition, all acts complained of herein took place in San Antonio, Bexar County, Texas and more than one Defendant resides in Bexar County, TX.

### IV.
### FACTS

On or about May 15, 2020, Plaintiff **ZAKARY WIDENOR** was operating a 2019 white Toyota RAV4 in a lawful manner while traveling southbound in the #1 lane on IH-10 W, in San Antonio, Texas. Due to traffic in front of him, the Plaintiff began to slow down when suddenly and without any warning he was violently struck from behind by a 2017 white Volvo commercial truck driven by **LABRADA ACOSTA ABIL**. The force of the impact pushed Plaintiff's RAV4 to strike the Dodge Charger in front of him. At the time in question, **LABRADA ACOSTA ABIL** was in the course and scope of his employment with **PATIALA EXPRESS, INC.**, who was the owner of the 2017 white Volvo. The evidence will demonstrate that the Defendant **LABRADA ACOSTA ABIL** was driving at an unsafe speed and failed to yield the right of way to the Plaintiff causing a violent collision between the two vehicles. The

investigating police officer from the San Antonio Police Department attributed all fault to the Defendant, **LABRADA ACOSTA ABIL** for failure to control speed while driving with impaired visibility. As a result of the collision in question, the Plaintiff **ZAKARY WIDENOR** sustained severe, excruciating, and painful personal injuries to his whole body in general.

## V.
## CAUSE OF ACTION AGAINST LABRADA ACOSTA ABIL

### A. NEGLIGENCE

The collision made the basis of this lawsuit resulted from the improper driving conduct of Defendant. The conduct of Defendant constituted negligence as that term is understood in the court of law, and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to the Plaintiff made the basis of this suit. Defendant owed Plaintiff a duty to use ordinary care in the operation of his vehicle, and breached said duty in one or more of the following non-exclusive particulars:

    a. failing to control the speed in violation of Texas Transportation Code §545.351;
    b. failing to provide a clear distance in violation of Texas Transportation Code §545.062;
    c. failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3); and
    d. disregard for the safety of others while operating a vehicle in violation of Texas Transportation Code §545.401;
    e. failing to yield the right of way in violation of Texas Transportation Code §545.151;
    f. failing to control the operation of his vehicle;
    g. failing to avoid the incident in question;
    h. failing to keep a proper look out;
    i. failing to operate his vehicle as a person of ordinary prudence would have.

Each of the above acts or omissions, singularly or in combination with each other, constitutes negligence and negligence per se, which proximately and directly caused the collision in question, as well as Plaintiff's injuries and damages, as set forth more specifically herein.

## VI.

## CAUSES OF ACTION AGAINST PATIALA EXPRESS, INC.,

### B. *NEGLIGENCE*

On the occasion in question, Defendant **PATIALA EXPRESS, INC.** and its agents, servants, and employees were liable to Plaintiff under §101.021(1) of the CIVIL PRACTICE & REMEDIES CODE because Plaintiff's injuries and damages were proximately caused by the wrongful act or omission or the negligence of **LABRADA ACOSTA ABIL**, who was acting within the scope of his employment while operating or using a motor-driven vehicle or motor-drive equipment and **PATIALA EXPRESS, INC.** would be personally liable to Plaintiff under Texas Law.

Specifically, the occurrence made the basis of this suit, reflected in the above paragraph 6 and the resulting injuries and damages were proximately caused by the negligent conduct of **LABRADA ACOSTA ABIL**, who was in the course and scope of his employment with Defendant **PATIALA EXPRESS, INC.** and operated her vehicle in a negligent manner because she violated the duty which he owed Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. Failure to exercise control over Defendant, **LABRADA ACOSTA ABIL**, as a reasonable and prudent employer and trucking company would have done under the same or similar circumstances;

b. Failure to implement and/or enforce adequate policies and procedures for the safe maintenance of commercial motor vehicles;

c. Failure to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles/trailers;

d. Failure to adequately supervise Defendant, **LABRADA ACOSTA ABIL**, in discharge of his duties as an operator of a commercial motor vehicle, including but not limited to, failure to enforce disciplinary policies and procedures;

e. Failure to adequately train and instruct Defendant, **LABRADA ACOSTA ABIL**, as a driver of a commercial motor vehicle;

    f.  Retaining Defendant, **LABRADA ACOSTA ABIL**, as a driver when it knew or should have known that he was incompetent and/or dangerous;

    g.  Failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant, **LABRADA ACOSTA ABIL**; and

    h.  Hiring Defendant, **LABRADA ACOSTA ABIL**, to be a driver.

Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence and negligence per se and gross negligence and proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

### C. *RESPONDEAT SUPERIOR*

Defendant **PATIALA EXPRESS, INC.** is also liable to Plaintiff for each and every negligent act and/or omission of **LABRADA ACOSTA ABIL** under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that **LABRADA ACOSTA ABIL** was operating his vehicle in the course and scope of his employment with Defendant **PATIALA EXPRESS, INC.**

Each of these acts and/or omissions, whether taken singularly or in any combination proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VII.
## DAMAGES

As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants **LABRADA ACOSTA ABIL and PATIALA EXPRESS, INC.,** Plaintiff sustained significantly debilitating injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.    past and future physical pain and suffering and mental anguish;

      b.    past and future disfigurement;

      c.    past and future physical impairment;

      d.    past and future medical care expenses;

      e.    past and future loss of earning capacity, and

      f.    past and future out-of-pocket economic losses.

Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

## VIII.
## INTEREST

Plaintiff further requests both pre judgment and post judgment interest on all her damages as allowed by law.

## IX.
## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, request is made that Defendants disclose, within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendants must serve a written response to this Request for Disclosure on Plaintiff within thirty (30) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## X.
## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XI.
## SERVICE

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Texas Rule of Civil Procedure 21(f)(2) & 21(a). (RaulR@davislaw.com; DianaV@davislaw.com; ThomasO@davislaw.com). This is the undersigned's ONLY electronic service email addresses and service through any other email addresses will be considered invalid.

## XII.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff **ZAKARY WIDENOR** hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd., #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1449

By: */s/ Raul A. Rios*
**RAUL A. RIOS, OF COUNSEL**
TEXAS BAR NO. 16935870
RaulR@davislaw.com

**ATTORNEYS FOR PLAINTIFF**