IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ZAKARY WIDENOR,                          §
                                         §
                    *Plaintiff,*         §          SA-21-CV-00962-FB
                                         §
vs.                                      §
                                         §
PATIALA EXPRESS INC,                     §
                                         §
                    *Defendant.*         §
                                         §

## **ORDER**

Before the Court in the above-styled cause of action are Defendant Patiala Express, Inc.'s Motion for the Court to Subpoena Records [#16] and Defendant Patiala Express, Inc.'s Motion for the Court to Compel Requests for Production [#17].  The Court held a hearing on the motions on August 3, 2022, at which Plaintiff and Defendant appeared through counsel.  After considering the written response and replies of the parties [#21, #22, #19, #23] and the arguments of counsel at the hearing, the Court entered certain oral rulings on the motions, which it now memorializes with this written Order.

## **I.  Background**

This personal-injury action arises out of a collision between a car driven by Plaintiff Zakary Widenor and a commercial truck owned by Defendant Patiala Express.  Plaintiff alleges he was injured when Defendant's truck rear-ended him on Interstate Highway 10 in San Antonio, Texas.  (Orig. Pet. [#1-3], at 2.)  Plaintiff alleges various theories of direct negligence against Defendant, as well as *respondeat superior* liability for the negligence of the driver operating the truck on behalf of Defendant.  Plaintiff's Petition alleges that he "sustained significantly

1

debilitating injuries" as a result of the collision and pleads the following damages and losses incurred in the past and anticipated to be incurred in the future:

- Past and future physical pain and suffering and mental anguish;

- Past and future disfigurement;

- Past and future physical impairment;

- Past and future medical care expenses;

- Past and future loss of earning capacity; and

- Past and future out-of-pocket economic losses.

(Orig. Pet. [#1-3], at 6.)

The motions before the Court concern discovery sought by Defendant regarding Plaintiff's physical and mental condition for purposes of investigating the credibility of his deposition testimony regarding his neck and back injuries and Plaintiff's damages model at trial. The motion for the Court to subpoena records [#16] asks the Court to enter an order compelling the disclosure of Plaintiff's military records from the U.S. Army Litigation Division and the U.S. Army Human Resources Command and to approve proposed subpoenas. The motion to compel requests for production [#17] seeks an order compelling Plaintiff to provide more complete discovery responses to a number of production requests previously served on Plaintiff. The Court will grant both the motions in part.

## II.  Analysis

### A.    Motion to Subpoena Records

Plaintiff, who was 18 years old at the time of the accident at issue, enlisted in the Texas Army National Guard after the accident at issue and is currently deployed as an infantryman along the Southern Border of Texas.  Defendant argues Plaintiff's military records are relevant

and discoverable as to Plaintiff's claim of loss of past and future earning capacity and claimed injuries because the records will shed light on Plaintiff's current physical condition.  Plaintiff opposes the motion, arguing his military records should not be discoverable because he never disclosed his neck and back injuries to the military when he enlisted and has never seen any medical provider in the military about these injuries.  Therefore, according to Plaintiff, a subpoena for records in a personal injury case will prejudice and damage his military career.  Plaintiff's arguments are unavailing.

Military records are protected by the Privacy Act, which provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," unless disclosure of the records satisfies one of the statutory exceptions provided in the Act.  5 U.S.C. § 552a(b).  One such exception is where the disclosure of the record is "pursuant to the order of a court of competent jurisdiction."  *Id.* at § 552a(b)(11).

Defendant has proposed two subpoenas to be approved by the Court.  The subpoenas request Plaintiff's entire military file, health records, payroll records, duty station and assignments, qualifications, performance, and awards and decorations received.  Defendant's request is too broad to satisfy the proportionality requirement dictated by Federal Rule of Civil Procedure 26(b).  However, the Court finds Plaintiff's military records, insofar as they contain information about his health and physical training and fitness, to be relevant to his claim of damages.  Plaintiff's argument that he will suffer prejudice because he chose not to disclose his back and neck injuries to the military during his physical screening for enlistment is without merit.  If the military required disclosure of injuries, and Plaintiff chose not to disclose his, any

consequence for this late disclosure is attributable to Plaintiff's own actions and decisions, not Defendant's. Plaintiff chose to file a personal injury lawsuit and has placed his physical condition at issue by seeking damages for his injuries.  Defendant is entitled to Plaintiff's military records regarding his health, physical training, and fitness, and the Court will issue an order compelling the disclosure of these records.

**B.      Motion to Compel Discovery**

Defendant's motion to compel discovery seeks more complete discovery responses to RFPs 1, 2, 4, 5, 11, 19, 23, 38, 39, 53, 54, 55, 87, and 90.   At the hearing, the Court reviewed each of these RFPs with the parties and made the following orders.

**RFPs 1, 2, 4, and 5**:  These RFPs concern Plaintiff's earning capacity and seek information, such as Plaintiff's tax returns, for income verification purposes and to confirm Plaintiff's claim of lost wages and lost earning capacity.  The RFPs request the completion of five years of tax return authorization forms, wage and income authorization forms, and social security earnings information forms.  These records are theoretically relevant to Plaintiff's damages model but are too broad to be discoverable.  Plaintiff was only 18 years old at the time of the accident and has a limited work history as a minor.  Tax returns include much more information that is necessary in this case.  Accordingly, Defendant may obtain Plaintiff's W-2s and 1099s from age 16 onward only.

**RFPs 11 and 19:**  RFPs 11 and 19 seek Plaintiff's protected health information ("PHI") for the past 10 years and request the completion of an authorization form to obtain medical and hospital records relating to any diagnosis or treatment.  The Court will limit these RFPs to three years before the accident, as opposed to the 10-year period requested.  Additionally, Plaintiff represented to the Court at the hearing that many of these records have already been produced.

Plaintiff also objects to the PHI authorization form proposed by Defendant.  The Court will therefore order the parties to confer on which records remain outstanding.  Plaintiff also agreed to provide Defendant with the standard authorization form for PHI used by Plaintiff's counsel in personal injury cases in an attempt to reach an agreement on the content of the form.

**RFPs 23 and 38:**  These RFPs seek documentation pertaining to subrogation claims or liens against the damages sought in this suit, such as doctor's, worker's compensation, Social Security, Medicare, Medicaid, and letters of protection, and request a signed authorization allowing Defendant to determine any Medicaid lien.  Plaintiff represented to the Court at the hearing that he has disclosed all liens and produced all letters of protection to Plaintiff that were contained in the files of Plaintiff's providers.  Plaintiff further confirmed that he was not eligible for Medicaid at the time of the accident.  Accordingly, the Court will dismiss the motion to compel additional responses to these RFPs as moot.

**RFP 39:**  This RFP seeks Plaintiff's cell phone records for the 24-hour period before and after the accident at issue.  The Court will grant the motion to compel with regard to this RFP but limit it to the 30-minutes before and after the accident.  The parties should confer on whether Plaintiff has the requested records and, if so, how to produce them or whether Defendant needs to subpoena the records from Plaintiff's cell provider.

**RFP 53, 54, and 55:**  These RFPs pertain to Plaintiff's social media records.  Defendant seeks copies of Plaintiff's social media pages, such as YouTube, Facebook, Instagram, Snapchat, and Twitter, as well as his complete Facebook history and account data for the period of May 15, 2020, to present.  In his deposition, Plaintiff testified that he did not post on any social media cite other than Instagram during the period immediately following the accident.  The Court will limit this request to production to Plaintiff's Instagram posts for 60 days after the accident.  Plaintiff

should also confirm by checking his other social media accounts and verify in a sworn declaration to Defendant that he did not post on any other social media platforms during this time period.

**RFP 87:** Defendant seeks all fitness data for any fitness tracker, such as an Apple Watch, that Plaintiff has worn since the accident. Plaintiff testified at his deposition that he owns and wears an Apple Watch and wore one during the relevant time period. As with the cell phone records, the Court instructed the parties to confer as to what data Plaintiff has in his possession and whether it is in a form that can be produced to Defendant. If not, Defendant should subpoena the records from Apple.

**RFP 90:** Defendant seeks any military health records in Plaintiff's possession. Plaintiff confirmed on the record that he is not withholding any records responsive to this request. The Court will therefore dismiss the motion to compel a response to this RFP as moot.

In summary, after engaging in the balancing analysis required in Rule 26(b) as to the relevance and proportionality of the requested discovery, the Court will grant in part and dismiss in part the motion to compel requests for production.

**IT IS THEREFORE ORDERED** that Defendant Patiala Express, Inc.'s Motion for the Court to Subpoena Records [#16] is **GRANTED IN PART** as set forth herein. The U.S. Army Litigation Division and the U.S. Army Human Resources Command are directed to respond to the subpoena served by Defendant and to produce all of Plaintiff's military records regarding his health, physical training, and fitness.

**IT IS FURTHER ORDERED** that Defendant Patiala Express, Inc.'s Motion for the Court to Compel Requests for Production [#17] is **GRANTED IN PART** and **DISMISSED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff should produce all materials as ordered herein within **14 days** of the date of this Order.

**IT IS FINALLY ORDERED** that any relief requested that is not expressly granted in this Order is **DENIED**.

SIGNED this 4th day of August, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE